Behrooz P. Vida
SBOT No. 20578040
CHAPTER 7 TRUSTEE
3000 Central Drive
Bedford, Texas 76021
TEL: (817) 358-9977
FAX: (817) 358-9988
behrooz@vidatrustee.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RAUL RAYMOND GONZALEZ | § | Case No. 20-43866-ELM-7 |
| Debtor | § | |

### MOTION FOR SANCTIONS AND CONTEMPT FOR FAILURE TO COOPERATE WITH TRUSTEE AND FAILURE TO TURNOVER NON-EXEMPT ASSETS

Behrooz P. Vida, Chapter 7 Trustee (the "Trustee"), in the above-referenced case, files this *Motion for Sanctions and Contempt for Failure to Comply with Trustee's Request for Turnover of Non-Exempt Funds* (the "Motion"), against RAUL RAYMOND GONZALEZ (the "Debtor") and respectfully represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding.

3. This motion is brought pursuant to 11 U.S.C. §§ 105, this Court's inherent powers and Bankruptcy Rules 9014 and 9020.

### Background Facts

4. On December 23, 2020, Debtor filed Chapter 7 Bankruptcy (the "Petition Date").

5. Behrooz P. Vida was appointed Chapter 7 Trustee (the "Trustee").

6. The Section 341 meeting of creditors was held and concluded on February 16, 2021.

7. On or about April 28, 2021, Trustee determined that there were non-exempt assets

to be administered.

8. On or about June 28, 2021, Trustee made turnover demand on Debtor through his bankruptcy counsel for turnover of non-exempt assets consisting of:

   a. 2020 tax refund of $1,871.00,

   b. Cash on hand of $40.00,

   c. Wells Fargo bank account balance of $323.20 as of petition date.

   (the "Non-Exempt Assets") for a total of $2,234.20.

9. On or about July 7, 2021, Trustee agreed to Debtor's request to the repay the bankruptcy estate for the Non-Exempt Assets in the amount of $2,234.20 in two equal payments of $1,117.00 with the first payment being due and payable on or before July 21, 2020 and the second and final payment of $1,117.20 due and payable on August 21, 2021.

10. As a result of Debtor's failure to fulfill is obligation to the bankruptcy estate, on August 23, 2021, Trustee filed a Motion to Compel Payments on Non-Exempt Assets [ECF No. 35].

11. Debtor failed to file an objection to Trustee's Motion to Compel Payments on Non-Exempt Assets on or before September 13, 2021; therefore, on September 15, 2021, an Order granting Trustee's Motion to Compel Payments on Non-Exempt Assets was entered [ECF No. 36]. Debtor was ordered to pay to Trustee the sum of $2,234.20 within 30 days of the entry of the Order.

12. On or about October 8, 2021, Trustee advised Debtor's bankruptcy counsel that Debtor has not complied with the Court's Order on Trustee's Motion to Compel Payments on Non-Exempt Assets and that if Debtor continued to ignore the Court's

    Order that Trustee would file a motion for sanctions for failure to comply and seek attorney's fees. Trustee gave Debtor 14 days to comply.

13. On or about October 13, 2021, Debtor's bankruptcy counsel advised Trustee that Debtor would pay the sum of $1,632.020 on … "Friday".

14. On or about October 27, 2021, Trustee contacted Debtor's bankruptcy counsel regarding payment to be made by Debtor.

15. On or about October 27, 2021, Debtor's bankruptcy counsel advised Trustee that Debtor would send in the $1,632.20.

16. To date, Trustee has not received any funds towards the Non-Exempt Assets in the amount of $2,234.20.

17. On or about November 18, 2021, Trustee conducted a certificate of conference, via email with Debtor's bankruptcy counsel regarding this Motion.

## Arguments & Authorities

18. Debtor has willfully disobeyed this Court's Order.

19. Debtor is not complying with mandates of 11 U.S.C. § 521.

20. Trustee moves the Court to hold Debtor in civil contempt and sanction her for forcing Trustee to incur unnecessary legal fees in performing his duties.

21. Even though Debtor has received the benefits of a discharge in bankruptcy, he is refusing to turnover over the property of the estate to Trustee.

22. Debtor's actions have necessitated the filing of this motion and Trustee requests that Debtor pay Trustee the sum of $650.00 for having drafted and filed this Motion. Also, Trustee seeks fees for prosecuting this Motion with the amount to be determined at the time of the hearing on this Motion.

23. A contempt order is a "potent weapon," *Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201, 19 L. Ed. 2d 236 (1967).

24. The elements of civil contempt are "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009). "The power to punish for contempt is an inherent power of the federal courts and . . . it includes the power to punish violations of their own orders." *Id.* "Contempt is committed only if a person violates a court order requiring in specific and definite language that a person do or refrain from doing an act." *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

25. If the Court finds a violation of its orders, it can issue a civil contempt sanction. "The district court has broad discretion in the assessment of damages in a civil contempt proceeding." *Am. Airlines, Inc.,* 228 F.3d at 585 (internal quotation marks and citations omitted). The Court takes into account (1) "the character and magnitude of the harm threatened by the continued contumacy," (2) "the probable effectiveness of [the] suggested sanction in bringing about the result desired," and (3) "the amount of [the party in contempt's] financial resources and the consequent seriousness of the burden to that particular defendant." *See United Mine Workers of Am.,* 330 U.S. at 303-04, 67 S. Ct. 677, 67 S. Ct. 677, 91 L. Ed. 884.

26. Civil contempt is "considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of America v. Bagwell (Bagwell),* 512 U.S. 821,

827, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994).

27. Despite ample notice time of more than 90 days, Debtor has not taken any action to comply with this Court's Order.

28. Finally, § 105(a) provides a separate and additional basis on which the Court may rest its decision to sanction and order turnover of funds and attorneys' fees. Section 105 empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This provision encompasses the power to enter injunctions. *See In re EZ Pay Servs., Inc.*, 389 B.R. 751, 756 (Bankr. M.D. Fla. 2007); *In re Casner,* 302 B.R. 695, 704 (Bankr. E.D. Cal. 2003). As the Fifth Circuit has made clear, § 105 is not "a roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Rather, the court's equitable powers under § 105 must be exercised "in a manner consistent with the provisions of the Bankruptcy Code." *Id.* Here, Trustee contends it would appropriate to enter an order giving effect to section § 542(b) and enabling Trustee to carry out his duties under the Code to collect and manage property of the estate for eventual distribution to creditors—thereby fulfilling one of the major goals of the bankruptcy system. *In re T-H New Orleans Ltd. P'ship*, 188 B.R. 799, 807 (E.D. La. 1995), *aff'd*, 116 F.3d 790 (5th Cir. 1997) ("The laws and jurisprudence of bankruptcy note often that there are two competing goals of bankruptcy and reorganization. One is the satisfaction of valid claims against the estate. The other is to allow the debtor a 'fresh start' in the marketplace.") (emphasis added).

WHEREFORE, Trustee prays for an order of this Court:

(a) Holding Debtor in contempt and imposing daily sanctions against her until such time that she has fully complied with this Court's Order;

(b) Awarding sanctions against Debtor in the form of recovery of attorneys' fees for the benefit of Trustee and bankruptcy estate; and

(c) Granting Trustee such other and further relief as may be deemed just.

Respectfully submitted:

By: /s/ Behrooz P. Vida    December 20, 2021
Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished on the parties as indicated below.

Nicholas Inman                                              Via ECF
Allmand Law
860 Airport Freeway, Ste 401
Hurst, Texas 76054

Mr. Raul Gonzalez                                           US Mail
3121 Teakwood Dr.
Bedford, Texas 760221

　　　　　　　　　　　　　　　　　　　　　　/s/ Behrooz P. Vida    December 20, 2021
　　　　　　　　　　　　　　　　　　　　　　Behrooz P. Vida